**NOT FOR PUBLICATION**

FILED

JAN 14 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| BRISTOL SL HOLDINGS, INC., a California corporation, in its capacity as the owner of the claims for Sure Haven, Inc., a California corporation, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> CIGNA HEALTH AND LIFE INSURANCE COMPANY, a Connecticut corporation; CIGNA BEHAVIORAL HEALTH, INC., a Connecticut corporation, <br><br> Defendants-Appellees. | No.  20-56122 <br><br> D.C. No. 8:19-cv-00709-PSG-ADS <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, Chief District Judge, Presiding

Argued and Submitted October 20, 2021
Pasadena, California

Before:  KLEINFELD, R. NELSON, and VANDYKE, Circuit Judges.

This case involves a contract dispute between Sure Haven (and its successor-

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

in-interest Bristol) and Cigna Health Insurance Company. After Cigna refused to pay Sure Haven for various healthcare services provided to Cigna patients, Sure Haven filed for bankruptcy and Bristol became the successor-in-interest through a bankruptcy proceeding.[1] Bristol then sued Cigna, and the district court ultimately ruled for Cigna on all claims.

On appeal, Bristol argues the district court erred by: (1) granting Cigna's motion for summary judgment on the breach of contract and promissory estoppel claims; (2) dismissing Bristol's ERISA claim;[2] (3) dismissing Bristol's fraudulent inducement claim; and (4) denying Bristol leave to file a third amended complaint. We have jurisdiction under 28 U.S.C. § 1291, and affirm in part and deny in part.[3]

We first conclude that the district court erred in granting Cigna's motion for summary judgment on the breach of contract and promissory estoppel claims. Grants of summary judgment are reviewed de novo, with all facts and inferences drawn in favor of the non-moving party. *Yellow Cab Co. of Sacramento v. Yellow Cab of Elk Grove, Inc.*, 419 F.3d 925, 927 (9th Cir. 2005). Here, we conclude that Bristol introduced sufficient evidence to create a genuine dispute of material fact

[1] The facts underlying this dispute are explained in more detail in the related opinion. *See* infra n.2.

[2] Bristol's appeal regarding derivative standing under ERISA is addressed in the separate opinion filed simultaneously with this memorandum disposition.

[3] In so ruling, this court takes no position on whether any or all of Bristol's state law claims are preempted by ERISA. *See* 29 U.S.C. § 1144(a).

regarding the potential formation of an enforceable contract. In addition to the hundreds of verification and authorization calls, Bristol introduced evidence of a prior course of dealing with Cigna, specific and individualized treatment plans, as well as agreements over specific percentages of UCR rates for the services rendered. These actions are sufficient for a reasonable factfinder to conclude that an enforceable contract had been formed under governing California law. *See Regents of Univ. of Cal. v. Principal Fin. Grp.*, 412 F. Supp. 2d 1037, 1042 (N.D. Cal. 2006).

In reaching the opposite conclusion, the district court relied primarily on two arguments: (1) a lack of discussion between the two parties over the "usual, customary, and reasonable rate" (UCR), meaning the percentage of costs that Cigna would reimburse for Sure Haven's services, and (2) the automatic disclaimers Cigna says were played before all or most verification and authorization calls with Sure Haven. Neither argument justifies the district court's summary judgment ruling. First, Bristol *did* introduce evidence of discussions over UCR, which the district court improperly ignored. Cigna disputes whether the evidence Bristol introduced actually relates to UCR, but this factual dispute proves summary judgment was inappropriate. Second, the district court improperly concluded that the disclaimers Cigna played before most verification or authorization calls stating that the information provided "does not guarantee coverage or payment" established an intent *not* to form a contract. However, Cigna's disclaimer could be reasonably

3

interpreted as informing providers like Sure Haven that it must fulfill the required terms of the deal (such as properly providing the healthcare services) before it could be guaranteed payment. The parties may have formed a contract, but payment was not yet "guaranteed" and still contingent on satisfactory performance of the terms of the contract. *See Regents of Univ. of Cal.*, 412 F. Supp. 2d at 1042. This is sufficient to hold that summary judgment against Bristol on these claims was improper, and therefore we reverse. Since both parties linked the promissory estoppel claim with the implied and oral contract claims, we reverse the dismissal of the promissory estoppel claim as well.

We affirm the district court's dismissal of Bristol's fraudulent inducement claim. The Federal Rules of Civil Procedure require that "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Bristol has not done so here, instead alleging only that an unidentified "senior person at Cigna" secretly decided to stop paying Sure Haven while still authorizing ongoing treatment for its patients, and numerous Cigna "agents" perpetuated this fraud through their phone calls with Sure Haven. This high-level and conclusory allegation is not sufficient to meet the heightened pleading standards required, and therefore the district court's dismissal of Bristol's fraudulent inducement claim is affirmed.[4] *See Irving Firemen's Relief & Ret. Fund v. Uber Techs.*, 998 F.3d 397,

---

[4] This court takes no position on whether the economic loss rule bars Bristol's claim.

403–04 (9th Cir. 2021).

Finally, we affirm the district court's decision to deny Bristol's motion for leave to file a third amended complaint, which would have added a cause of action for an open book account. We review a district court's denial of a motion for leave to amend a complaint for abuse of discretion, which is particularly broad when the court has already granted leave to amend. *Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002). Here, the district court had already granted Bristol leave to amend its compliant twice before, and both times Bristol chose not to add the open book account cause of action. The district court concluded in part that Bristol should not be allowed to "assert a cause of action that it should have included when this case began over a year ago," and our circuit has previously held this justification sufficient to uphold the district court's decision. *See id.* For this reason, we affirm the district court's denial of Bristol's motion for leave to amend its complaint.

Therefore, Bristol's appeal is **AFFIRMED IN PART** and **DENIED IN PART**. The case is remanded to the district court for further proceedings consistent with this opinion.